**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4954**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURO ROLANDO VASQUEZ ORELLANA,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Claude M. Hilton, Chief District Judge.  (CR-04-184)

———————

Submitted:  April 20, 2005            Decided:  May 19, 2005

———————

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Peter L. Goldman, Alexandria, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Natalie A. Voris, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mauro Rolando Vasquez Orellana was convicted, after a jury trial, of importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) (2000), and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The only issue Orellana asserts on appeal is that the evidence was insufficient to support his convictions.

We conclude from the parties' submissions on appeal that there is substantial evidence, taking the view most favorable to the Government, to support the verdict. United States v. Glasser, 315 U.S. 60, 80 (1942). While Orellana asserts that the evidence presented at trial failed to establish that he knowingly and intentionally imported or possessed cocaine, we conclude, construing the evidence presented at trial in the light most favorable to the Government, that the jury properly resolved this issue in the Government's favor. See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Thus, we affirm Orellana's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED